**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIE SALES, individually and on behalf of the Estate of Paul J. Quintanar, | No. 14-55169 |
| Plaintiff - Appellee, | D.C. No. 8:12-cv-01834-CJC-MLG |
| v. | |
| CITY OF TUSTIN, | MEMORANDUM* |
| Defendant, | |
| and | |
| A. GLEASON, Officer; J. MONSOOR, Officer; ROQUE, Officer, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 1, 2016
Pasadena, California

Before: D.W. NELSON, CALLAHAN, and N.R. SMITH, Circuit Judges.

———————

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants-Appellants Gleason, Monsoor, and Roque ("officers") appeal the district court's denial of their motion for summary judgment on the basis of qualified immunity. Plaintiff-Appellee Marie Sales brought suit against the City of Tustin and the officers under 42 U.S.C. § 1983 and state law alleging, among other things, that the officers violated her son's Fourth Amendment rights when they detained him, searched him, and attempted to arrest him. Appellee's son, Paul Quintanar, was tragically struck and killed by a car exiting the freeway after he ran away from officers while they were attempting to arrest him for possession of marijuana. We review a district court's denial of summary judgment on the basis of qualified immunity de novo, *Mattos v. Agarano*, 661 F.3d 433, 439 (9th Cir. 2011) (en banc), and we reverse.

1.      As a threshold matter, we have jurisdiction under 28 U.S.C. § 1291 to review the denial of summary judgment on qualified immunity grounds notwithstanding the absence of a final judgment. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2018–20 (2014) (citing *Johnson v. Jones*, 515 U.S. 304, 309 (1995)); *see also Mattos*, 661 F.3d at 439, n.2. Appellee contends that a district court's decision to deny summary judgment for qualified immunity on the basis that there is a genuine issue of material fact cannot be appealed. *See Cunningham v. City of Wenatchee*, 345 F.3d 802, 806–07 (9th Cir. 2003) ("Interlocutory appeals are not

2

available when the appellate court is required to resolve a 'fact-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial.'" (quoting *Johnson v. Jones*, 515 U.S. 304, 307 (1995)). However, we were not asked to determine whether there is a genuine issue of material fact. We were asked to determine whether—taking the facts as alleged by the Appellee—the officers are entitled to qualified immunity. Thus, we have jurisdiction over this interlocutory appeal, and Appellee's motion to dismiss the appeal for lack of jurisdiction is denied. *See id.* at 807 ("The officials must present the appellate court with a legal issue that does not require the court to 'consider the correctness of the plaintiff's version of the facts . . . .'" (quoting *Johnson*, 515 U.S. at 312)).

2. The officers are entitled to qualified immunity, because they did not violate a clearly established constitutional right. *See Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Under clearly established law, a law enforcement officer may "approach an individual in public and ask him if he is willing to answer questions." *United States v. Washington*, 490 F.3d 765, 770 (9th Cir. 2007). The officer also has probable cause to arrest an individual for possession of a controlled substance when that individual admits he has marijuana. *United States v. Pope*, 686 F.3d 1078, 1084 (9th Cir. 2012); *see also People v. Kelly*, 222 P.3d 186, 188

3

(Cal. 2010); Cal. Health & Safety Code § 11357(a) (2011). In addition, the officer may ask "for consent to search, 'as long as [he does] not convey a message that compliance . . . is required.'" *Washington*, 490 F.3d at 770 (quoting *Florida v. Bostick*, 501 U.S. 429, 435 (1991)). Because the applicable law did not place the illegality of the officers' conduct "beyond debate," *Ashcroft v. al–Kidd*, 131 S. Ct. 2074, 2083 (2011), the officers are entitled to qualified immunity. In other words, contrary to the dissent, we find no clearly established law that specifically alerted the officers that their approach of, request to search, and attempted arrest of Quintanar violated the Fourth Amendment.

The district court's denial of the officers' motion for summary judgment on the basis of qualified immunity is REVERSED.

Costs awarded to Defendants-Appellants on appeal.

**_Marie Sales  v  A. Gleason Officer et al  14-55169_**

Nelson, Senior Circuit Judge, dissenting:

In my view, the district court correctly found that the officers are not entitled to qualified immunity as a matter of law.  I respectfully dissent.

As the majority notes, we must accept the facts as alleged by Appellee.  But, accepting the facts as alleged, it is clear to me that the officers are not entitled to qualified immunity.

The district court found a genuine dispute as to whether a reasonable person in Quintanar's situation would have felt free to terminate the encounter with the officers.  The district court also found that at the time of the incident it was clearly established law that a Fourth Amendment seizure occurs when police officers place an individual in a situation in which a reasonable person would not feel free to terminate the encounter.

The majority concludes that no clearly established law put the officers on notice that their conduct violated Quintanar's constitutional rights.

But it is clearly established that a police officer violates the Fourth Amendment if he detains a person "'even momentarily'" without at least reasonable suspicion for doing so.  _United States v. Washington_, 490 F.3d 765, 774 (9th Cir. 2007) (quoting _Florida v. Royer_, 460 U.S. 491, 498 (1983)).

The majority correctly notes that it is well established that a police officer

may approach an individual in public and ask him if he is willing to answer questions. However, the law is also well established that an officer may not detain that individual without at least reasonable suspicion that criminal activity is afoot.

Accepting the facts as alleged, I believe Officer Gleason detained Quintanar without a reasonable suspicion for doing so. This was a violation of Quintanar's clearly established constitutional right. I would affirm the district court.